■ JANET McLAUGHLIN, Respondent, v. EDWIN McLAUGHLIN, Appellant.— Order entered on September 16, 1960 unanimously reversed on the law and on the facts, without costs, and cross motion of defendant-appellant is granted to the extent of modifying the judgment of February 9, 1960 to strike therefrom the provision that the defendant-appellant pay to the plaintiff-respondent the sum of $25 per week commencing December 8, 1959 and to direct new trial solely as to the issue of the amount of alimony to be awarded plaintiff-respondent, with time of payment thereof to commence at such date on or after February 9, 1960, as may be fixed by the trial court; and otherwise said cross motion is denied, all without costs. The defendant did not contest the granting of the decree of annulment, and we are of the opinion that he is not entitled to a new trial on the ground of newly discovered evidence as to the alleged "guilty knowledge" of the plaintiff with respect to defendant's prior existing marriage. It appears that at the time of the trial the defendant was fully aware of the relevant facts pertinent to such issue, and that his alleged newly discovered evidence is merely cumulative or such that could have been produced at time of trial had he used due diligence. It now appears, however, as recently

discovered by defendant, which he could not have learned about earlier, that the plaintiff testified falsely as to material facts bearing on the issue as to the amount of alimony, if any, to be awarded to her. Namely, she testified that she was not working at the time of the trial and had been unable to find a position after having made every effort to do so, when in fact she had then found a position and was then employed. She submits no affidavit explaining her patently false testimony and the award of alimony based thereon may not stand. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.